**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MARTINO O'BRYANT,                       )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )
                                        )        No. 4:26-cv-00083-SEP
SPORTS TUTOR, et al.,                   )
                                        )
      Defendants.                       )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is self-represented Plaintiff Martino O'Bryant's Application to Proceed in District Court Without Prepayment of Fees and Costs. *See* Doc. [2]. Having reviewed the application and the financial information provided, the Court finds that Plaintiff is unable to pay the filing fee and grants the application. And, for the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff filed his Complaint against Defendants Sports Tutor and Tennis Warehouse. Doc. [1].  Although the Complaint is partially filed on a Court-provided form, his allegations are also scattered throughout handwritten and typewritten attachments.  This is the third time Plaintiff has leveled similar allegations against Defendants in this Court.  *See O'Bryant v. Sports Tutor, Inc.,* No. 4:24-cv-01550-MTS (E.D.Mo.) (dismissed for lack of jurisdiction on December 17, 2024); *O'Bryant v. Tennis Warehouse, et al.,* No. 4:26-cv-00217-SRC (E.D.Mo.) (pending *in forma pauperis* review).  Plaintiff also sued Defendants in Missouri State Court.  *See O'Bryant v. Tennis Warehouse, et al.,* No. 25SL-CC01729 (21st Jud. Cir., St. Louis City Court) (dismissed without prejudice on September 4, 2025).

Plaintiff states that he is bringing the lawsuit under federal question jurisdiction, 28 U.S.C. § 1331, asserting violations of his Fifth and Fourteenth Amendment due process rights,[1] 15 U.S.C. §§ 2303 and 2304,[2] and two criminal statutes.[3]  Doc. [1] at 3.  He also appears to be claiming jurisdiction under diversity of citizenship under 28 U.S.C. § 1332.  *See id.*

---

[1] "Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024), citing *Egbert v. Boule,* 596 U.S. 482, 490–91 (2022).  For purposes of the analysis herein, the Court liberally construes Plaintiff's due process claims under 42 U.S.C. § 1983.  The essential elements of a constitutional claim under § 1983 are 1) that the defendant acted under color of state law, and 2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  Defendants in this case are alleged to be private actors.  Thus, Plaintiff is unable to assert due process claims against them.

[2] Plaintiff appears to refer to the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301, *et seq*.

[3] Plaintiff cites 18 U.S.C. §§ 641 and 2511.  Plaintiff cannot initiate a criminal prosecution against another citizen or corporation.  "[T]he prosecution of criminal actions in federal courts is a matter solely

Plaintiff brings his lawsuit against Defendants Sports Tutor and Tennis Warehouse alleging that he was sold a defective tennis ball machine approximately three years ago.  Doc. [1] at 5.  He claims that first the swing arm on his ball machine broke, and after he sent it to be replaced, the on/off switch broke.  *Id.* at 8.  He asked for an upgraded model, which he paid extra for, but within two months of receipt of the upgraded model, the random feature on the new model's ball machine broke.  *Id.*  Then the 4-slot feature on the machine abruptly stopped spinning.  *Id.*  Plaintiff failed to receive paperwork showing transference of the warranty from the first model purchased to the second model.  *Id.*

Plaintiff states that he returned the original ball machine purchased on May 9, 2022, and received a refund of the purchase price of $2,187.68.  Doc. [1-3] at 1.  He then purchased an "upgraded" ball machine for $2,549.00.  Doc. [1-3] at 5.  Plaintiff appears to believe that, if he had had a working ball machine, he would have become an elite tennis player equipped to compete globally for sponsorships, endorsement deals, and product marketing.  Doc. [1] at 4, 5, 14-16.  He seeks both compensatory and punitive damages from Defendants due to the alleged causes of action outlined above and for what he perceives to be a breach of the three-year warranty under the Magnuson-Moss Warranty Act (MMWA).

**DISCUSSION**

## I.      Federal Question Jurisdiction

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."  15 U.S.C. § 2310(d)(1).  Although the MMWA is a federal statute, not all MMWA claims may be brought in federal court.  MMWA claims must meet an amount-in-controversy threshold for federal jurisdiction to apply.  A MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit."  15 U.S.C. § 2310(d)(3)(B); *see also Thiessen v. Jaguar Land Rover N. Am., LLC*, 3:21-cv-5046-WBG, 2021 WL 3173603, at *2 (W.D. Mo. July 26, 2021) (collecting cases).

---

within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."  *U.S. v. Panza*, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974).

3

Although the Eighth Circuit has not yet determined how a court should calculate the amount in controversy in an MMWA action, other courts of appeals and district courts have applied the cost-of-cover analysis to determine the amount in controversy. *See Thiessen*, 2021 WL 3173603, at *3. Applying that method to this case, the Court would begin with the cost of a replacement ball machine, subtract the present value of the allegedly defective ball machine, and then subtract the use value that the Plaintiff received from the allegedly defective ball machine. *See Voelker v. Porsche Cars N. Am., Inc.,* 353 F.3d 516, 521 (7th Cir. 2003) (removing party asserting federal jurisdiction is required to allege the cost of the allegedly defective vehicle to calculate the amount in controversy under the MMWA). By the cost-of-cover method, the alleged damages in this action are well under the threshold of $50,000. Even self-represented litigants are obligated to plead specific facts and proper jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has failed to do so. Because Plaintiff's actual damages are less than the requisite jurisdictional amount under the MMWA, he cannot establish jurisdiction under that statute.[4] Additionally, Defendants are private actors and cannot be held liable under either the Fifth or Fourteenth Amendment. *See supra* note 1. Thus, Plaintiff cannot establish federal question jurisdiction under 42 U.S.C. § 1983. He may only maintain federal court jurisdiction if he is able to establish diversity of citizenship between the parties.

## II.    Diversity Jurisdiction

Plaintiff appears to assert diversity jurisdiction under 28 U.S.C. § 1332. He alleges that he is a citizen of the State of Missouri while Defendant Sports Tutor, Inc., is a citizen of the State of California. Doc. [1] at 3-4. But he neglects to identify Sports Tutor's principal place of business. Plaintiff asserts that Defendant Tennis Warehouse is incorporated under the laws of the State of California with its principal place of business also in the State of California. *Id.*

The Court has diversity jurisdiction over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir.

---

[4] Although Plaintiff also seeks punitive damages, he does not indicate a basis for such damages. In general, state law determines whether punitive damages are available for a claim of breach of warranty under the MMWA. *Pyskaty v. Wide World of Cars LLC,* 856 F.3d 216, 223 (2d Cir. 2017); *Kelly v. Fleetwood Ent. Inc.,* 377 F.3d 1034, 1039-40 (9th Cir. 2004). Plaintiff fails to allege that Defendants acted with malice, express or implied. And Plaintiff does not assert any facts from which the Court could infer malice in connection with the MMWA claims.

2001).  Under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business."  28 U.S.C. § 1332(c)(1); *see also Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019).  According to the Supreme Court, the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Assuming without deciding that the parties are completely diverse, Plaintiff is nonetheless unable to properly allege damages exceeding the $75,000 amount in controversy.  Typically, a complaint need only "allege the jurisdictional amount in good faith."  *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. For Excellence, Inc.,* 912 F.3d 1076, 1080 (8th Cir. 2019).  But, "[w]here it is a 'legal certainty that the claim is really for less than the jurisdictional amount,' jurisdiction is not proper."  *Mensah v. Owners Ins. Co.,* 951 F.3d 941, 943 (8th Cir. 2020) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).  "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"  *Peterson v. Travelers Indem. Co.,* 867 F.3d 992, 995 (8th Cir. 2017) (quoting *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011)).  And although punitive damages "are included in the amount in controversy," "the existence of the required amount must be supported by competent proof."  *OnePoint Sols., LLC v. Borchert,* 486 F.3d 342, 348 (8th Cir. 2007).

Plaintiff fails to provide a specific amount in controversy in his Complaint, instead providing a list of alleged harms he believes he has suffered, including:  a loss in "endorsement deals, modeling contracts, sponsors, marketing products in foreign markets, tournament appearance fees, event speaker (tennis players) and Roger Federer business merger 1 billion."  Doc. [1] at 4.  Plaintiff's purported harms are speculative and not clearly related to the alleged breach of warranty by Defendants, which allows for "cost-of-cover" damages as set forth above.  *See Thiessen*, 2021 WL 3173603, at *3.  Thus, he has not established to a legal certainty that his damages are in excess of $75,000.  And Plaintiff provides no "competent proof" supporting his

5

claim for punitive damages.  *See OnePoint,* 486 F.3d at 348.  Thus, the Court lacks diversity jurisdiction over Plaintiff's claims.

Last, to the extent Plaintiff is asserting any state law claims for relief in this action, Plaintiff has not clearly articulated those claims in his Complaint.  Any such claims are also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.


Dated this 30th day of April, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE